**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINPING ZHAO, | No. 09-73374 |
| Petitioner, | Agency No. A099-422-235 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Jinping Zhao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture. We have jurisdiction

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review and we remand.

The agency based its adverse credibility determination in part on a finding that Zhao appeared in person to make a change to <u>his</u> household registration on June 15, 2005, a date when he claimed to be in detention. However, this date appears under Zhao's <u>son's</u> registration card and Zhao did not testify that this event, whatever it was, involved a <u>change</u> that would require Zhao to appear in person. *See Ren v. Holder*, 648 F.3d 1079, 1087 (9th Cir. 2011) (rejecting an adverse credibility finding that was based on a mischaracterization of the evidence). The agency also based its adverse credibility determination on a finding that Zhao's testimony that his son always lived with him was inconsistent with his household registration. Substantial evidence does not support this finding because the agency's rejection of Zhao's explanation as implausible is based on speculation. *See id.* at 1087-88.

Accordingly, we grant the petition for review, and we remand Zhao's claims for reconsideration of Zhao's credibility and such other issues as the BIA may deem appropriate.

**PETITION FOR REVIEW GRANTED;  REMANDED.**